**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN EMMANUEL VICTORIO CARVAJAL,<br><br>                                   Petitioner,<br><br>   v.<br><br>KRISTI NOEM, *et al.*,<br><br>                                   Respondents. | Case No. 26-cv-01281-BAS-MMP<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 5)** |

Petitioner John Emmanuel Victorio Carvajal filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241: (1) claiming Immigration and Customs Enforcement ("ICE") violated its own regulations when it re-detained him, (2) requesting release under supervision, and (3) requesting notice and an opportunity to be heard before removal to a third country.  (ECF No. 5.)

The Government filed a response that "prior orders from this District" have directed "bond hearings pursuant to 8 U.S.C. § 1226(a)," and thus the Government does not oppose a bond hearing.  (ECF No. 7.)   The Government is silent on Petitioner's request for notice and an opportunity to be heard before removal to a third country.   Thus, the Court

26cv1281

**GRANTS** the Amended Petition and orders that Petitioner be granted a bond hearing as indicated below.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner came to the United States from the Philippines in 1993 when he was 14 years old. (ECF No. 5.) His father, a United States citizen, had obtained him a green card. (*Id.*) In 2018, Petitioner was convicted of a state felony and served two years in state custody. On December 17, 2020, Petitioner was ordered removed to the Philippines but granted a deferral of removal. (*Id.*) Because the Department of Homeland Security ("DHS") was unable to remove him to the Philippines, Petitioner was released on supervision. (*Id.*)

In October 2025, Petitioner was again arrested on state charges. (*Id.*) He was turned over to ICE custody on November 4, 2025. (*Id.*) Two days later, on November 6, 2025, ICE served Petitioner a Notice that his release was being revoked because he had violated the conditions of his previous release; that is, he had received numerous criminal violations. (*Id.*) The Notice further said that Petitioner would receive an informal interview, but he has never been afforded one. (*Id.*)

The Government seems to be under the impression that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). (ECF No. 7.) However, Petitioner's case is post-removal-order, so he is subject to detention under § 1231(a)(2)(A), which requires the

- 2 -

26cv1281

Attorney General to detain an individual subject to a removal order for 90 days. *Id.* Once 90 days have elapsed, the alien may be released on conditions. *Id.*

Since the Government does not appear to oppose the request for a bond hearing and since Petitioner has been in custody post-removal longer than 90 days, the Court finds it appropriate to refer Petitioner for a bond hearing. In addition, for all the reasons stated in the Petition, the Court **ORDERS** the Government to provide notice to Petitioner and an opportunity to be heard before he is removed to a third country.

## III. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that John Emmanuel Victorio Carvajal (A# 044-070-857) be granted a bond hearing before an Immigration Judge within 14 days of today's date. In addition, the Court **ORDERS** the Government to provide Petitioner with notice and an opportunity to be heard before removing him to a third country.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 17, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv1281